IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HENRY RIVERA,**

    **Petitioner,**

v.                                             No. CV 14-0662 RB/LAM

**JAMES JANECKA, Warden,**

    **Respondent.**

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2254 Petition [*Doc. 1*], filed July 22, 2014. Respondent filed his response to the petition on September 2, 2014 [*Doc. 12*], and Petitioner filed a reply on September 30, 2014 [*Doc. 14*]. This matter is also before the Court on Petitioner's ***Motion for Stay and Abeyance (Doc. 5)***, filed July 22, 2014. Respondent filed a response to the motion for stay and abeyance on September 2, 2014 [*Doc. 11*], and Petitioner filed a reply on September 26, 2014 [*Doc. 13*]. United States District Judge Robert C. Brack referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 6*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

the reasons set forth below, that Petitioner's *Motion for Stay and Abeyance (Doc. 5)* be **DENIED** and that this § 2254 Petition [*Doc. 1*] be **DISMISSED without prejudice**.

In his § 2254 petition, Petitioner raises multiple claims of ineffective assistance of counsel, due process violations, and prosecutorial misconduct. [*Doc 1* at 5-9]. Petitioner asks the Court to vacate and set aside his convictions and to remand his case to the state court for a new trial. *Id.* at 10. In his motion for stay and abeyance, Petitioner asks the Court to stay his § 2254 petition pending exhaustion of his state-court remedies. [*Doc. 5* at 2].

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

## I. Procedural Background

On April 26, 2006, Petitioner was found guilty of multiple counts of fraud over $20,000, securities fraud, selling unregistered securities, transacting business as an unlicensed securities salesman, and racketeering. *See* [*Doc. 12-1*, Exhibit A at 1-5] (*Judgment, Partially Suspended Sentence and Commitment* entered in the state district court). On August 25, 2006, the state district court originally sentenced Petitioner to a total term of imprisonment of 117 years, with 80 years suspended, for an actual term of incarceration of 37 years. *Id.* at 5. On September 25, 2006, Petitioner filed a direct appeal of his conviction (*Doc. 12-1*, Exhibit C) and, on August 19, 2009, the New Mexico Court of Appeals reversed Petitioner's conviction for racketeering, citing insufficient evidence, and affirmed his other convictions. [*Doc. 12-3*, Exhibit K at 13]. On April 5, 2010, Petitioner was resentenced to a total term of 108 years, with 71 years suspended, for an actual term of incarceration of 37 years. [*Doc. 12-1*, Exhibit B at 11].

On September 28, 2010, Petitioner appealed his resentencing to the New Mexico Court of Appeals. [*Doc. 12-4*, Exhibits S (*Notice of Appeal*) and T (*Docketing Statement*)]. Following a full briefing, on April 25, 2013, the New Mexico Court of Appeals issued a *Memorandum Opinion* affirming Petitioner's conviction. [*Doc. 12-5*, Exhibit AA]. On June 18, 2013, Petitioner filed a *Petition for Writ of Certiorari* with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion. *Id.*, Exhibit DD. On July 24, 2013, the New Mexico Supreme Court denied the petition for writ of certiorari. *Id.*, Exhibit EE. On July 22, 2014, Petitioner filed both his § 2254 petition [*Doc. 1*] and **Motion for Stay and Abeyance *(Doc. 5)*** in this Court. The next day, he filed a state petition for writ of habeas corpus with the state district court. [*Doc. 12-6*, Exhibit GG].

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted). Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

## II. Exhaustion of State Court Remedies

In his petition, Petitioner raises multiple claims of ineffective assistance of counsel, due process violations, and prosecutorial misconduct. [*Doc 1* at 5-9]. Petitioner asks the Court to

3

vacate and set aside his convictions and to remand his case to the state court for a new trial.  *Id.* at 10.  In response to the petition, Respondent contends that Petitioner's claims are not exhausted and should be dismissed without prejudice while Petitioner continues to exhaust his state-court remedies.  [*Doc. 12* at 7-10].  In Petitioner's motion for stay and abeyance, Petitioner agrees that he has not exhausted his state-court remedies and asks the Court to stay his petition while he exhausts his state-court remedies.  [*Doc. 5* at 1-2].  In response to the motion for stay and abeyance, Respondent states that the § 2254 petition should be denied, not held in abeyance, because Petitioner has miscalculated the time he has remaining to file a § 2254 petition, so he is not subject to a tight timeline for purposes of filing his § 2254 petition.  [*Doc. 11* at 2-4].  In his replies to his petition and his motion for stay and abeyance, Petitioner again asks the Court to stay his petition while he exhausts his state-court remedies.  [*Doc. 14* at 7] and [*Doc. 13* at 4].

      A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted).  The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).  In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means

4

that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture than it was when the state courts considered it") (citation omitted).

Here, Petitioner appears to raise many, if not all, of the same claims in his § 2254 petition that he raised in his state habeas corpus petition. *Compare* [*Doc. 1* at 5-10] *with* [*Doc. 12-6*, Exhibit GG at 4-9]. Petitioner's state habeas corpus petition is still pending, rendering his state claims unexhausted. *See* Case No. D-202-CR-199402016, New Mexico State Judiciary Case Lookup Application, http://www.nmcourts.com/caselookup/search.htm, site last checked December 4, 2014;[2] and *Sims v. Snedeker*, No. 05-2190, 167 Fed. Appx. 47, 48, 2006 WL 322491 (10th Cir. Feb. 13, 2006) (unpublished) ("[S]tate claims remain unexhausted if state proceedings remain pending at the time the [federal] petition is filed.") (citation omitted). While Petitioner asks the Court to hold his case in abeyance while he exhausts his state-court remedies, the Court may do so only in very limited circumstances. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005) (explaining that a federal district court may stay a § 2254 petition and hold it in abeyance pending exhaustion of state court remedies only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the

---

[2] The Court takes judicial notice of the state court docket for Petitioner's state habeas corpus petition, which is a public record and available using the New Mexico State Judiciary Case Lookup Application. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (stating that a court may take judicial notice of facts that are a matter of public record) (citations omitted); *Stack v. McCotter*, No. 02-4157, 79 Fed. Appx. 383, 391-92, 2003 WL 22422416 (10th Cir. October 24, 2003) (unpublished) (federal court may take judicial notice of docket sheet entries in related state court proceeding).

petitioner engaged in intentionally dilatory litigation tactics). The Court finds that Petitioner has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court, and he has not made a showing that his claims are potentially meritorious. Petitioner indicates that he filed his § 2254 petition prior to exhausting his state-court remedies because he understood that his one-year time period for filing a § 2254 petition ran from the date the New Mexico Supreme Court denied his petition for writ of certiorari regarding his direct appeal of his resentencing, which Petitioner states was July 25, 2013. *See* [*Doc. 5* at 1].[3] However, under § 2244(d)(1)(a), a federal habeas petition must be filed within one year of the date that a prisoner's state court conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review," and a state conviction is not final until after the United States Supreme Court has denied review or the time has passed for filing a petition for certiorari with the Supreme Court (*see United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003)). Since Petitioner had ninety (90) days after the date of the New Mexico Supreme Court's order in which to file a petition for writ of certiorari with the United States Supreme Court (*see* U.S. Sup. Ct. Rule 13) (which he did not do), his state conviction was not final until the ninety days had run.[4] Moreover, under § 2244(d)(2), Petitioner's filing of his

---

[3] The Court notes that the date of the New Mexico Supreme Court's order denying Petitioner's direct appeal of his resentencing is July 24, 2013, not July 25, 2013. *See* [*Doc. 12-5*, Exhibit EE].

[4] Although Respondent states that Petitioner had an additional fifteen days (for a total of 105 days) to file his § 2254 petition, because he could have filed a motion for rehearing with the New Mexico Supreme Court pursuant to Rule 12-404(A) NMRA and *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (*Doc. 11* at 3), the Tenth Circuit in *Serrano* does not state that the fifteen-day period to file a motion for rehearing under Rule 12-404 is added on to the ninety days under Rule 13 for purposes of tolling the one-year limitation period. The *Serrano* case dealt with a conviction prior to the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, so the petitioner there had until April 24, 1997 to file a § 2254 petition, and the pertinent issue was whether the time period was tolled by Rule 12-404(A). The Tenth Circuit in *Serrano* did not discuss the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court, and it appears from at least one other Tenth Circuit case that the two time periods would not be applied consecutively. *See Mills v. McKune*, No. 06-3120, 186 Fed. Appx. 828, 831 (10th Cir. June 28, 2006) (unpublished) (stating that the time period to file a petition for rehearing before the Kansas Supreme Court was subsumed by the ninety-day time period to file a petition for writ of certiorari with the United States Supreme Court).

petition for writ of habeas corpus in state court on July 23, 2014 statutorily tolled the limitations period for filing a federal petition.  *See* § 2244(d)(2) (explaining that the time during which a petitioner has a "properly filed application for Sate post-conviction or other collateral review" pending is not counted toward the one-year limitation period).   The Court, therefore, finds that the time period for filing a § 2254 petition has not run in this case, and does not provide a reason to grant a stay and abeyance.  For these reasons, the Court recommends dismissal of the § 2254 petition without prejudice with leave to re-file once the state court has considered the pending habeas corpus petition.  *See Demarest*, 130 F.3d at 939 (explaining that, when a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies) (citations omitted).

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Petitioner's ***Motion for Stay and Abeyance*** *(Doc. 5)* be **DENIED** and that his § 2254 Petition [*Doc. 1*] be **DISMISSED without prejudice** on the grounds that the claims raised in the petition have not been exhausted.

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**